UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| JAMES ALEXANDER STRICKLAND,<br><br>　　　　　　　　Plaintiff,<br><br>- vs. -<br><br>DELTA AIRLINES,<br><br>　　　　　　　　Defendant. | Civil Action No._____<br><br><br>AUGUST 13, 2025 |

## COMPLAINT

Plaintiff James Alexander Strickland ("Mr. Strickland"), by and through his attorneys Ivey, Barnum and O'Mara, LLC, complains of Delta Airlines ("Delta") as follows:

### JURISDICTION

1.　This Court has jurisdiction over the subject matter of this case pursuant to Article 33 of the Convention for the Unification of Certain Rules for International Carriage by Air, concluded at Montreal, May 28, 1999 (hereafter the "Montreal Convention"), which both the United States of America and Greece have signed and adopted. Specifically, under Article 33(1), the place of ultimate destination in the contract of carriage of Mr. Strickland was John F. Kennedy Airport, located in this District. As the Montreal Convention is a treaty of the United States, this Court has subject matter jurisdiction over this case under 28 U.S.C.A. § 1331. Defendant has significant and continuous contacts with the jurisdiction in that it operates numerous flights daily from John F. Kennedy Airport.

### VENUE

2.　Venue in the Eastern District of New York is proper pursuant to 28 U.S.C. 1398(a) because a substantial part of the events and omissions giving rise to the claims as alleged herein

1

occurred in this District. Additionally, venue is proper pursuant to the Montreal Convention Article 33(1).

## PARTIES

3. Mr. Strickland is a citizen of the United States of America and is a resident of Greenwich, Connecticut.

4. Mr. Strickland was a passenger on board Delta Airlines Flight No. 203 (the "Flight") bound for New York City.

5. Defendant Delta Airlines, Inc. is registered as a business entity duly incorporated in the State of Delaware with an active status. Its principal place of business is 1030 Delta Blvd., Atlanta, GA 30354-1989. Delta is not incorporated in New York, but operates and conducts business in the State of New York and is registered with the Secretary of State to do so.

6. At all material times, Defendant entered into a contract of carriage with Mr. Strickland and was in control of, and responsible for, his safe transport from Athens, Greece to New York City, NY.

## GENERAL ALLEGATIONS

7. On August 15, 2023, the Flight departed Athens, Greece at 10:20 a.m. Eastern European Time bound for John F. Kennedy International Airport ("JFK") in New York City, NY.

8. Mr. Strickland was seated at seat number 22B, which he found to have a broken arm rest, causing him to have to sit in an awkward position to avoid the jagged metal.

9. While assisting another passenger, a Delta flight attendant crowded Mr. Strickland causing him to injure his hand on the broken arm rest.

10. Bringing this to the attention of the flight attendant, she initially dismissed it as a cosmetic issue with the plane, but upon showing his injured palm, the flight attendant attempted to fix the situation by covering the armrest with a napkin.

11. Approximately six hours into the Flight, a Delta flight attendant pushing a cart down the aisle of the airplane struck Mr. Strickland forcefully in the back causing him to sustain severe pain and injury.

12. On the ground in New York a Delta attendant advised Mr. Strickland to not accept transport to Jamaica Hospital, as she had poor experiences there.

13. The incident meets the qualifications of an "Accident" under the Convention as it was an unexpected or unusual event external to Mr. Strickland that was caused solely by the airline's employee(s).

## COUNT ONE
### (STRICT LIABILITY - MONTREAL CONVENTION ARTICLE 17)

14. Mr. Strickland incorporates and re-alleges paragraphs 1 through 13 as though fully set forth herein.

15. Pursuant to Article 17 of the Montreal Convention, Delta is absolutely liable for damages sustained by Mr. Strickland as a passenger on the Flight, as said injuries and damages occurred while he was on board the Flight and/or in the course of the operations of disembarking from the Flight.

16. Delta was in exclusive control of the Flight and owed non-delegable duties to all passengers for its safe operation at all modes of flight.

17. Delta breached those duties by failing to observe reasonable care in the assignment of seat, actions of its flight attendants in the scope of their employment and the control of its carts.

18. As a direct and proximate result of Delta's acts and omissions, Mr. Strickland has suffered physical bodily injuries and the aggravation of previously existing conditions, causing a disability, reduced range-of-motion, pain and suffering, the necessary expenses of medical care, treatment, pain management and physical therapy. Mr. Strickland also suffered from: psychological and emotional damages as a result of the injury, inability to enjoy activities of daily living, reduced travel, and detrimental impacts on his employment.

19. The injury to Mr. Strickland occurred due to the negligence, wrongful acts and omissions of Delta and its servants and agents, and not due to the sole negligence or other wrongful act or omission of any third party.

20. Under Article 21 and its current inflation adjustments, Delta is strictly liable for Mr. Strickland's compensatory damages for up to a value of 128,821 Special Drawing Rights (SDR), or roughly USD $183,417.54.

21. Under Article 21, Delta is also liable for all of Mr. Strickland's compensatory damages, regardless of the amount, unless it meets its burden to prove that:

   a. Such damage was not due to the negligence or other wrongful act or omission of Delta or its employees; or

   b. Such damage was solely due to the negligence or other wrongful act or omission of a third party.

22. Delta cannot prove any of these aforementioned exceptions, so it is strictly liable to the full extent of Mr. Strickland's compensable damages, which exceed 128,821 SDRs.

23. Delta is therefore liable to Mr. Strickland for past and future compensatory damages listed in paragraph 18 above, and any other damages to which Mr. Strickland may be entitled under applicable law.

WHEREFORE, Plaintiff asks for judgment against Defendant as follows:

A. Damages to be awarded in an amount to be determined at trial, including general, special and compensatory damages;

B. Prejudgment interest;

C. Costs incurred in bringing this suit; and

D. For any other such relief as this Court may deem proper.

TRIAL BY JURY DEMANDED

Dated: Greenwich, Connecticut
      August 12, 2025

IVEY, BARNUM AND O'MARA, LLC

By: _____
Stephen G. Walko (SW5398)
Andrea C. Sisca (AS5557)
Ivey, Barnum & O'Mara, LLC
170 Mason Street
Greenwich, Connecticut 06830
Telephone: (203) 661-6000
Email: swalko@ibolaw.com
Email: asisca@ibolaw.com
*Attorneys for James Alexander Strickland*