UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| JAMES ALEXANDER STRICKLAND,<br><br>                  Plaintiff,<br><br> -against-<br><br>DELTA AIRLINES,<br><br>                  Defendant. | Docket No.: 1:25-CV-04522-VMS<br><br>**ANSWER TO COMPLAINT**<br><br>**Defendant Demands a Trial by Jury** |

Defendant, DELTA AIR LINES, INC. (i/s/h/a "DELTA AIRLINES") (hereinafter, "Delta") by its attorneys, Connell Foley LLP, as and for its Answer to Plaintiff's Complaint, states upon information and belief as follows:

## JURISDICTION

1. Denies knowledge or information to form a belief as to the truth of the allegations contained in the paragraph of the Complaint designated "1" but Delta does not object to jurisdiction in Eastern District of New York.

2. Admits the allegations set forth in the paragraph of the Complaint designated "2".

## PARTIES

3. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in the paragraphs of the Complaint designated "3" and "4".

4. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in the paragraph of the Complaint designated "5" and "6", except admit Delta is a foreign business corporation duly authorized to do business in the State of New York.

17023091-1

**GENERAL ALLEGATIONS**

5.  Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in the paragraph of the Complaint designated "7", "8", "9", "10", "11" and "12".

6.  Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in the paragraph of the Complaint designated "13" and refer all questions of law to the Court.

**COUNT ONE**

**(STRICTLY LIABILITY – MONTREAL CONVENTION ARTICLE 17)**

7.  Repeats and reiterates each and every one of the foregoing admissions of denials made in response to paragraphs "1" through "13" with the same force and effect as though the same were set forth at length in answer to paragraph "14" of Plaintiff's Complaint.

8.  Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in the paragraph of the Complaint designated "15".

9.  Denies the allegations set forth in the paragraphs of the Complaint designated "16", "17", "18", "19", "20", "21", "22" and "23".

**AS AND FOR A FIRST AFFIRMATIVE DEFENSE**

10. Upon information and belief, any past or future costs, expenses or damages incurred or which will be incurred by Plaintiff as alleged in the Complaint, has been or will be, with reasonable certainty, replaced or indemnified in whole or in part from a collateral source as that term is defined in Section 4545(c) of the New York Civil Practice Law and Rules. By reason of the foregoing, if any damages are recoverable against Delta the amount of any such damages must

be diminished by the amount of the reimbursement or indemnification which the Plaintiff has or shall receive from such collateral source.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

11. The Plaintiff's right to recovery against Delta, if any, is limited by terms of duly effectuated Contract of Carriage and Tariffs.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

12. All or part of the damages allegedly sustained by the Plaintiff, were caused solely by his culpable conduct through his negligence and careless acts or omissions and Plaintiff's damages, if any, should be diminished in accordance with the degree of culpability and fault attributed to him.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

13. The damages sustained by the Plaintiff, if any, were caused by the acts, negligence and/or carelessness of some third-person over whom Delta had neither control nor responsibility.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

14. The Plaintiff is barred from recovery of damages, or any recovery of damages must be reduced, by reason of Plaintiff's failure to mitigate damages.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

15. To the extent applicable, the rights, duties and obligations of the parties herein are governed and controlled by the provisions of the *Convention for the Unification of Certain Rules for International Carriage by Air Done at Montreal on 28 May 1999*, (entered into force on Nov. 4, 2003) reprinted in S. Treaty Doc. No 106-45, 1999 W.L. 33292734 (2000), (the "*Montreal Convention*"), the Conditions of Contract and Delta's International Conditions of Carriage, all of which are incorporated into and form the "Contract of Carriage".

**AS AND FOR AN SEVENTH AFFIRMATIVE DEFENSE**

16.     Upon information and belief, the injuries and/or damages allegedly sustained by the Plaintiff was not proximately caused by any negligence, fault or other culpable conduct or omission of Delta and did not result from any incident which can be classified as an "accident" under the Montreal Convention.

**AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE**

17.     Pursuant to the provisions of the Contract of Carriage, the Defendant can have no liability to the parties in interest herein unless this Defendant has been shown to have been negligent in its provision of service under its Contract of Carriage.  Upon information and belief, Delta is not responsible to any party in interest for any loss, damage or delay as Delta was not negligent and had taken all necessary measures to avoid any such loss, damage or delay, or it was impossible for this Defendant to take such measures, or it could not avoid such loss, damage or delay, or it was unable to prevent same.

**AS AND FOR A NINTH AFFIRMATIVE DEFENSE**

18.     Upon information and belief, state law claims and all injuries and/or damages allegedly sustained which arise in connection with an international air transportation are preempted by United States treaty, specifically, by the terms and provisions of the Montreal Convention, and by reason thereof, to the extent that any of Plaintiff's claims are based on state law, Plaintiff may not maintain such causes of action.

**AS AND FOR A TENTH AFFIRMATIVE DEFENSE**

19.      All limitations of liability made available by Article 16 of the New York Civil Practice Law and Rules may apply to Delta.

**AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE**

20. All or part of the damages allegedly sustained by Plaintiff were caused solely by his culpable conduct through his negligence and careless acts or omissions and his damages, if any, should be diminished in accordance with the degree of culpability and fault attributed to him as provided in New York Civil Practice Law and Rules Section 1411.

### AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

21. By reason of the provisions of the Contract of Carriage, the liability of Delta is limited and/or excluded.

**WHEREFORE,** the Defendant, DELTA AIR LINES, INC. (i/s/h/a "DELTA AIRLINES") demands judgment dismissing the Complaint, together with the costs, disbursements and attorneys' fees herein, together with such other and further relief as this Court deems just and proper.

Dated:   New York, New York
　　　　 September 17, 2025

　　　　　　　　　　　　　　　　　　　　　　　**CONNELL FOLEY LLP**

　　　　　　　　　　　　　　　　　　　　　　　BY: _____
　　　　　　　　　　　　　　　　　　　　　　　**MICHAEL J. CROWLEY**
　　　　　　　　　　　　　　　　　　　　　　　*Attorneys for Defendant*
　　　　　　　　　　　　　　　　　　　　　　　DELTA AIR LINES, INC. (i/s/h/a "DELTA AIRLINES")
　　　　　　　　　　　　　　　　　　　　　　　875 3rd Avenue, 21st Floor
　　　　　　　　　　　　　　　　　　　　　　　New York, New York 10022
　　　　　　　　　　　　　　　　　　　　　　　(212) 307-3700

**TO:**   Stephen G. Walko, Esq.
　　　　 **IVEY, BARNUM AND O'MARA, LLC**
　　　　 *Attorneys for Plaintiff*
　　　　 **JAMES ALEXANDER STRICKLAND**
　　　　 170 Mason Street
　　　　 Greenwich, Connecticut 06830
　　　　 (203) 661-6000